In the United States District Court
for the Southern District of Georgia
Brunswick Division

FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 AUG 16 P 3:10
CLERK
SO. DIST. OF GA.

CECIL RISHER, : CIVIL ACTION

    Plaintiff, :

    v. :

UNUM LIFE INSURANCE
COMPANY and CIRCUIT CITY :
STORES, INC. LONG TERM
DISABILITY PLAN, :

    Defendants. NO. CV204-130

## O R D E R

Plaintiff, Cecil Risher, filed this ERISA action against Defendants, Unum Life Insurance Company ("Unum Life") and Circuit City Stores, Inc., Long Term Disability Plan (the "Plan"), seeking long term disability benefits. Presently before the Court are the parties' cross motions for summary judgment. For the following reasons, the motions will be **DENIED**.

AO 72A
(Rev. 8/82)

## FACTS

Risher, as an eligible Circuit City employee, was a participant in the Plan. The Plan was administered and funded by a group insurance policy issued by Unum Life.

The group policy utilized two definitions for determining disability. During the first twenty-four months, a participant was deemed disabled if he was unable to perform the duties of his regular occupation. After that time, a participant was deemed disabled if he was unable to perform the duties of any gainful occupation.

Risher filed his claim for long term disability benefits on May 15, 2001. He alleged a disability onset date of July 15, 2000, due to prostatectomy, mental instability, and severe nerve damage to his lower left leg. Upon review, Unum Life determined that Risher was unable to perform the duties of his regular occupation as an audio/video sales counselor and that he was entitled to benefits as of January 11, 2001.

After the initial twenty-four month period, Unum Life reviewed Risher's claim to determine whether he was unable to perform the duties of any gainful occupation as required for continued disability. An Unum Life consultant determined that Risher was capable of performing sedentary work based on his

AO 72A
(Rev. 8/82)

physical limitations but was unable to perform any gainful occupation due to his psychological limitations resulting from Post Traumatic Stress Disorder ("PTSD"). Because the policy limited benefits to twenty-four months for mental illness, Unum Life notified Risher that he was no longer eligible for benefits under the group policy.

Risher filed this action on October 1, 2004, seeking a judgment requiring Defendants to reinstate payment of his long term disability benefits. Specifically, Risher contends that Unum Life erred in terminating his benefits because the group policy provides that dementia caused by trauma is excluded from the twenty-four month benefit limitation. Risher further contends that the determination that he was able to perform sedentary work was flawed because it did not consider his limitations from PTSD in making that determination.

## DISCUSSION

Summary judgment is appropriate when no genuine issues remain and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c). In so doing, all facts and reasonable inferences are to be construed in favor of the non-moving party. See United States v. Diebold, Inc., 369 U.S.

AO 72A
(Rev. 8/82)

654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962); <u>Sweat v. Miller Brewing Co.</u>, 708 F.2d 655, 656 (11th Cir. 1983). The party opposed to the summary judgment motion, however, "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue for trial." <u>Walker v. Darby</u>, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

## I. **Plaintiff's Cross-Motion**

As an initial matter, the Court will address Defendants' argument that Plaintiff's cross-motion for summary judgment was untimely filed. The 26(f) Report, filed by the parties on November 30, 2004, and the Scheduling Order, entered on December 2, 2004, set the deadline for filing dispositive motions at April 28, 2005, thirty days past the close of discovery. Plaintiff filed his response to Defendants' summary judgment motion and cross-motion for summary judgment on May 12, 2005. Plaintiff has not sought an amendment to the pretrial order pursuant to Federal Rule of Civil Procedure 16(e). Thus, Plaintiff's cross-motion for summary judgment will be denied as untimely. The Court will, however, consider

4

the arguments raised by the Plaintiff in opposition to Defendants' motion for summary judgment.

## II. **Defendants' Summary Judgment Motion**

Defendants contend that they are entitled to summary judgment because: (1) Risher is not totally disabled under the terms of the group policy; (2) Unum Life's decision to terminate long-term disability benefits to Risher was legally correct, not arbitrary and capricious, and not an abuse of discretion; and (3) Unum Life has paid Risher the maximum amount of benefits that Risher is entitled. Unum Life's arguments are all based on its determination that PTSD is subject to the twenty-four month mental illness benefit limitation.

## III. **Standard of Review**

The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., provides that a plan participant or beneficiary may bring a civil action in federal court "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). ERISA, however, provides no standard for reviewing decisions of plan administrators or

fiduciaries. Williams v. BellSouth Telecomms., Inc., 373 F.3d 1132, 1134-35 (11th Cir. 2004) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109, 109 S. Ct. 948, 103 L.Ed.2d 80 (1989)); see also Shaw v. Conn. Gen. Life Ins. Co., 353 F.3d 1276, 1282 (11th Cir. 2003); Marecek v. BellSouth Telecomms., Inc., 49 F.3d 702, 705 (11th Cir. 1995).

In addressing this issue, the United States Supreme Court offered a range of standards that may apply to benefits determinations, and indicated that "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'factor in determining whether there is an abuse of discretion'." Firestone Tire & Rubber Co., 489 U.S. at 115, 109 S. Ct. at 957(citing Restatement (Second) of Trusts § 187, Comment d (1959)). Following Firestone, the Eleventh Circuit established three distinct standards for reviewing administrators' plan decisions: (1) de novo where the plan does not grant the administrator discretion; (2) arbitrary and capricious standard where the plan grants the administrator discretion; and (3) heightened arbitrary and capricious standard where the plan grants the administrator discretion and a conflict of interest exists. Williams, 373 F.3d at 1134-35

(citing HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 993 (11th Cir. 2001)); Buckley v. Metro. Life, 115 F.3d 936, 939 (11th Cir. 1997) (citing Marecek, 49 F.3d at 705); Shaw, 353 F.3d. at 1282.

The Plan documents in the instant case granted Unum Life discretion to interpret disputed terms. The group policy expressly delegated to Unum Life "discretionary authority . . . to determine [the participant's] eligibility for benefits and to interpret the terms and provisions of the policy."

A conflict of interest arises, triggering heightened arbitrary and capricious review, where a company both administers and funds a plan. Williams, 373 F.3d 1135; see Brown v. Blue Cross and Blue Shield of Ala., Inc., 898 F.2d 1556, 1562 (11th Cir. 1990); see also HCA Servs. Of Ga., Inc., 240 F.3d at 1001; Levinson v. Reliance Standard Ins. Co., 245 F.3d 1321, 1325-26 (11th Cir. 2001). In the instant case, the Plan granted Unum Life discretionary authority to determine eligibility and interpret terms and provisions in the policy. Additionally, Unum Life was both Plan administrator and Plan insurer. Thus, the heightened arbitrary and capricious standard is appropriate.

7

The Court's application of the heightened arbitrary and capricious standard requires it to engage in a two-part inquiry: (1) whether Unum Life's interpretation of coverage was legally correct; and (2) whether Unum Life was arbitrary and capricious in adopting a different interpretation.[1] Lee v. Blue Cross/Blue Shield of Ala., 10 F.3d 1547, 1550 (11th Cir. 1994); Brown, 898 F.2d at 1570.

A. **Whether Unum Life's Interpretation Is Legally Correct and Reasonable**

The first step in the application of the arbitrary and capricious standard is to discern the legally correct interpretation of the disputed plan provision. Brown, 898 F.2d at 1570 (citing Denton v. first Nat'l Bank of Waco, 765 F.2d 1295, 1304 (5th Cir. 1985)). In so doing, the Court must determine whether Unum Life's Plan interpretation was "wrong" and whether Risher has proposed a sound interpretation of the plan to rival that of Unum Life. Id.

---

[1] The Eleventh Circuit has articulated the actual steps in the analysis in several ways. See Willimas v. BellSouth Telecomms., Inc., 373 F.3d 1132, 1138 (11th Cir. 2004); HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 993 (11th Cir. 2001). In the instant case, whether the administrator possessed discretion and suffered a conflict of interest are not in dispute. Thus, the Court applies an abbreviated analysis.

8

In making this determination, the Court looks to facts known to Unum Life at the time that it made its decision to deny coverage. Brown, 898 F.2d at 1566, n. 12. (Interpretation must be "wrong" from the perspective of de novo review before a reviewing court is concerned with the self-interest of the fiduciary.) If the Court determines that the administrator's decision is wrong and claimant has established a reasonable interpretation, then under contra proferentum, which requires ambiguities to be construed against the drafter of a document, the claimant's interpretation is taken as correct. Jones v. Am. Gen. Life & Acc. Ins. Co., 370 F.3d 1065, 1070 (11th Cir. 2004); Watts v. BellSouth Telecomms., Inc., 316 F.3d 1203, 1207-08 (11th Cir. 2003) (citing Lee, 10 F.3d at 1551); Florence Nightingale Nursing Serv. Inc. v. Blue Cross/Blue Shield of Ala., 41 F.3d 1476, 1481 (11th Cir. 1995), cert. denied, 514 U.S. 1128, 115 S. Ct. 2002, 131 L.Ed.2d 1003 (1995).

The group policy issued by Unum Life provides that an employee who becomes disabled "due to sickness or injury," such that he is limited from performing the material and substantial duties of his regular occupation, is entitled to benefits for two years. After the initial twenty-four month period, an

AO 72A
(Rev. 8/82)

employee whose disability prohibits him from performing the duties of <u>any</u> gainful occupation is entitled to continued benefits, subject to proof of continued disability. The policy, however, includes a limitation clause which provides that "[d]isabilities, due to sickness or injury, which are primarily based on self-reported symptoms, and disabilities due to mental illness have a limited pay period up to 24 months." This mental illness limitation, however, will not be applied to dementia resulting from, *inter alia*, trauma.

The pivotal issue before the Court is the proper interpretation of dementia as the term is used in the group policy. Risher directs the Court to the common meaning of dementia found in five dictionaries, including <u>Black's Law Dictionary</u>, and <u>Roget's New Millennium Thesaurus</u>, First Edition, 2005, which lists dementia and mental illness both as synonyms for insanity. Risher argues that the ordinary meaning of dementia is interchangeable with mental illness. Under this interpretation, Risher contends that the policy exclusion affords him coverage because PTSD is, by definition, caused by trauma. Defendants argue that the policy language on which Risher relies is clearly patterned after the specialized definition of dementia as put forth by the American Psychiatric

10

Association in the <u>Diagnostic and Statistical Manual of Mental Disorders</u>, Fourth Edition, ("DSM-IV"). Unum Life argues that dementia is a specific type of mental illness distinct from PTSD. Based on this interpretation, Unum Life contends that the mental illness limitation exception is inapplicable to PTSD.

Additionally, both parties argue that interpreting the policy as urged by the opposing party would render the provisions meaningless. Risher argues that if dementia were not synonymous with mental illness, it would not have been necessary for the drafters to include an exception from the mental illness limitation for dementia caused by trauma, as it would not be subject to the limitation in the first place. Defendants argue that accepting Risher's interpretation would render the mental illness limitation unenforceable because all mental illness or insanity caused by trauma would be excepted from the limitation.

The determination of whether the terms of a contract are ambiguous is a question of law to be decided by the court. See <u>Stewart v. KHD Deutz of Am., Corp.</u>, 980 F.2d 698, 701 (11th Cir. 1993). The Eleventh Circuit follows the federal common law when construing an ERISA regulated benefits plan. <u>Dixon</u>

AO 72A
(Rev. 8/82)

v. Life Ins. Co. Of N. Am., 389 F.3d 1179, 1183 (11th Cir. 2004); Buce v. Allianze Life Ins. Co., 247 F.3d 1133 (11th Cir. 2001). Under ordinary principles of contract interpretation, the Court must first examine the natural and plain meaning of the Plan's language. Dahl-Elmers v. Mutual of Omaha Life Ins. Co., 986 F.2d 1379, 1382 (11th Cir. 1993). "When construing the terms of an ERISA policy, ambiguity exists if the policy is susceptible to two or more reasonable interpretations that can fairly be made, and one of these interpretations results in coverage while the other results in exclusion." Luton v. Prudential Ins. Co. of Am., 88 F. Supp.2d 1364, 1370 (S.D. Fla. 2000) (citations omitted).

The Court concludes that, as a matter of law, the term "dementia" as used in the group policy is ambiguous. The policy itself, while defining mental illness, provides no definition for dementia. The word is not capitalized, italicized, or set apart in any manner that would indicate an intent to afford it a specialized meaning. Furthermore, the Plan does not refer participants to any source, such as the DSM-IV, cited by Defendants in their reply brief, for all medical terms used in the policy. A reasonable person could conclude that the policy provides full benefits for PTSD.

12

Thus, while Unum Life's interpretation may be reasonable, the Court concludes that it was wrong.

B. **Whether Unum Life's Interpretation Is Arbitrary and Capricious**

Once the reviewing court determines that the defendant's decision was wrong, but reasonable, the burden shifts to the conflicted insurance company to demonstrate that its interpretation of the plan was not tainted by self-interest.

> A wrong but apparently reasonable interpretation is arbitrary and capricious if it advances the conflicting interest of the fiduciary at the expense of the affected beneficiary . . . unless the fiduciary justifies that interpretation on the ground of its benefit to the class of all participants and beneficiaries.

Lee, 10 F.3d at 1550 (quoting Brown, 898 F.2d at 1566-67).

Defendants' elected not to address whether Unum Life's interpretation of the policy provision was tainted by self-interest. Instead, Defendants rely on their assertions that Unum Life's decision to terminate Risher's benefits was legally correct and that Risher has failed to offer a reasonable plan interpretation rivaling that of Unum Life. In light of the Court's foregoing conclusion to the contrary, genuine issues exist with regard to whether Unum Life's decision to

AO 72A
(Rev. 8/82)

terminateRisher's long-term disability benefits was tainted by self-interest.

**CONCLUSION**

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, the parties' summary judgment motions (Doc. No. 19 & No. 22) are **DENIED**.

**SO ORDERED**, this 16th day of August, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

E. Bondurant
R. Harper

CASE NO: CV204-130
DATE SERVED: 8/16/05
SERVED BY: slt

☐ Copy placed in Minutes
☑ Copy given to Judge
☐ Copy given to Magistrate